**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR08-0723-PHX-SRB |
| Plaintiff/Respondent, | CV10-2330-PHX-SRB(ECV) |
| vs. | **ORDER** |
| Richard Steven Reiss, | |
| Defendant/Movant. | |

Movant Richard Steven Reiss (Reiss) filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on October 28, 2010 raising six claims of alleged ineffective assistance of counsel in violation of the Sixth Amendment. Those claims are: (1) that his trial counsel failed to move to suppress items seized from Reiss' vehicle; (2) that counsel should not have stipulated to the admission of four items seized from the vehicle; (3) that counsel failed to challenge Reiss' arrest and detention by Immigration and Customs Enforcement (ICE) officers in September 2007; (4) that counsel failed to challenge the Immigration Court's jurisdiction over Reiss; (5) that counsel failed to challenge the significance of evidence showing no request for citizenship benefits and; (6) that counsel failed to present a handwriting expert at trial to rebut the Government's expert. Respondent United States of America filed its response on March 7, 2011. Reiss filed a reply on April 22, 2011. On August 3, 2011 the Magistrate Judge issued

his Report and Recommendation recommending that Reiss' motion be denied along with his request for an evidentiary hearing. He further recommended that a certificate of appealability and leave to proceed *in forma pauperis* on appeal be denied because Reiss had not a made a substantial showing of the denial of a constitutional right. Reiss timely filed Objections to the Magistrate Judge's Report and Recommendation on August 17, 2011. He objected to the Magistrate Judge's recommendations on grounds One, Two, Three, Four and Six. No objection was made to the Magistrate Judge's analysis and recommendation that his claim of ineffective assistance of counsel by failing to challenge the certificate of non-existence of record be denied. The United States has filed no objections and did not respond to Reiss' Objections.

**1. Objections to Ground One**

Evidence was admitted at trial located in Reiss' vehicle. The vehicle was searched after police arrested a man named Dan Gannon for trying to cash a fraudulent check at a check cashing store. Phoenix Detective Fisher's report stated that he saw Gannon drive the vehicle in the strip mall parking lot before he parked it and entered the check cashing store. When Gannon was arrested inside the store the keys to Reiss' vehicle were found in Gannon's pocket. Gannon explained that Reiss had given him the check to pay for work done on the car and loaned him the car so he could cash the check. Detective Fisher searched the vehicle incident to Gannon's arrest for forgery and obtained several items that were admitted at trial including a Canadian passport in Reiss' name. The Magistrate Judge recommended that the claim of ineffective assistance of counsel for failing to file a motion to suppress this evidence be denied because the motion to suppress would have been unlikely to succeed. Reiss relies on *Arizona v. Gant*, 129 S.Ct. 1710, 1723 (2009), a case decided after Reiss' trial, where the Supreme Court held that a vehicle search incident to a recent occupant's arrest is legal under two circumstances; if the arrestee is within reaching distance of the passenger compartment at the time of the search or if it is reasonable to believe the vehicle contains evidence of the offense of arrest. Detective Fisher's report stated that in his experience forgery suspects often have other similar forgery evidence in their cars.

In Reiss' objections to the Magistrate Judge's Report and Recommendation with respect to Ground One, he argues that the Magistrate Judge overlooked certain facts including that Detective Fisher did not observe Gannon driving on a public road claiming this fact is relevant to the automobile exception. Reiss cites no authority in support of this claim. This Court is unaware of any authority that would change the rule for permissible searches of vehicles because the observation of the officer of the vehicle was in a private parking lot rather than on a public road. Other alleged overlooked facts were that there was no evidence Gannon had permission to enter or operate the vehicle and no evidence that Reiss had any knowledge of Gannon's possession of the vehicle. This is not accurate. Gannon stated, according to the police report, that he had permission to operate the vehicle and Gannon had the keys to the vehicle in his pocket. There was no evidence that he had stolen the vehicle or was using it without authorization. Reiss contends that he had a reasonable expectation of privacy in the vehicle. Whether that is so under *Gant* and the authorities upon which *Gant* relied, the police had the authority to search the vehicle incident to Gannon's arrest for forgery. The Court agrees with the Magistrate Judge that a motion to suppress by Reiss' counsel would have been unlikely to succeed.

Reiss also argues that Gannon was not a recent occupant of the vehicle. This is contrary to the facts in Fisher's report. Gannon was observed driving the vehicle in the parking lot and entering the check cashing store where he was arrested.

Finally, Reiss argues that it is not reasonable to believe a person attempting to cash a forged check would have additional evidence of forgery in another person's vehicle. Apparently Reiss bases this claim on his own opinion and quibbles with the statement in Detective Fisher's report wherein he opined that it was common for people who commit forgery to carry additional evidence of forgery in "their" vehicle. With respect to a claim of ineffective assistance of counsel, the Court finds that this is a difference without distinction and does not change this Court's view that the Magistrate Judge correctly concluded that a motion to suppress would have been unlikely to succeed, that Reiss has failed to show that his counsel's performance with respect to failing to move to suppress the search of the vehicle

fell below an objective standard of reasonableness and has failed to show a reasonable probability that the result of the proceeding would have been different.

**2. Objections to Ground Two**

Reiss claims that his lawyer was ineffective because he stipulated to the admission of four trial exhibits, including the Canadian passport in Reiss' name seized from his vehicle. Reiss claims that the Government would have been unable to establish a foundation for these exhibits without the stipulation. The Magistrate Judge's conclusion that counsel's decision to enter the stipulation was a reasonable tactical choice is one with which this Court agrees. The foundational information was available and the fact that Detective Fisher was not present on the first day of trial does not mean that he was unavailable to give the foundation in the absence of a stipulation. The Court agrees with the Magistrate Judge that the decision to stipulate to the admissibility of the evidence seized from the vehicle was a reasonable tactical choice, was not a deficient performance by his lawyer and that his claim of ineffective assistance of counsel on this ground should be denied.

**3. Objections to Ground Three**

Reiss argues that his lawyer was ineffective because he failed to challenge Reiss' arrest and detention by ICE in September 2007. The underlying facts testified to at trial were that Reiss was arrested by Phoenix police for forgery and theft on July 24, 2007. While at the Maricopa County Jail Reiss was interviewed regarding his place of birth and citizenship. Thereafter, ICE placed an immigration hold on him. When Reiss was released from state custody, approximately two months after his arrest, he was taken into custody by ICE. It was in subsequent removal proceedings at the Eloy Detention Center where Reiss appeared before an Immigration Judge and made the false claim of citizenship and committed the perjury for which he was convicted at trial. In his objections, Reiss details numerous facts from the record that he claims support his assertion that the Magistrate Judge erred in concluding that there was no ineffective assistance of counsel in failing to challenge Reiss' detention by ICE. Reiss argues that absent that detention he never would have been placed removal proceedings and ordered to go before the Immigration Judge where the statements

were made by him upon which the convictions were based. Essentially he argues that the Maricopa County Sheriff's officer who interviewed him in the Maricopa County Jail and testified at trial that Reiss told him he was born in Sudbury, Canada was a Canadian citizen was not telling the truth

Reiss objection on Ground Three is overruled. The officer who testified about his interview with Reiss testified before the jury and the jury decided the issue of credibility. But these facts are of no relevance. The relevant facts are that at the time Reiss was booked, an officer specially trained to assist in enforcing federal immigration law, completed a form stating that Reiss told him he was born in Sudbury Canada and was a Canadian citizen. As a result ICE placed a hold on him, took him into custody upon his release from the county jail and placed him in removal proceedings. There was nothing illegal about this detention based on the information recorded at the time of Reiss' booking. That information gave immigration officials a basis to detain him. Reiss' counsel would have no basis other than Reiss' own self-serving statements to challenge the information recorded by the officer resulting in Reiss' arrest and detention by immigration agents. His counsel's failure to challenge that detention does not constitute deficient performance and there is no reason to believe that a challenge to that detention would have succeeded.

**4. Objections to Ground Four**

Reiss does not dispute that denial of Ground Three also results in the denial of Ground Four as the identical reasons are provided. The Court having overruled Reiss's objections on Ground Three also overrules them as to Ground Four.

**5. Objections to Ground Six**

Reiss' final claim of ineffective assistance counsel is that his counsel failed to call a handwriting expert to refute the prosecution's handwriting expert who testified that the signature on the Canadian passport issued in Reiss' name matched signatures known to have been written by Reiss and was not a forgery. Reiss argued that a defense handwriting expert could have explained the relative difficulty or ease in forging a signature. As the Magistrate Judge noted, Reiss did not allege that the signature was a forgery or that there is a

handwriting expert that would have testified that the signature was a forgery. In his objection Reiss only states that his failure to specifically state that the signature was a forgery was inadvertent and due to his lack of experience in preparing legal documents. Reiss then states "the passport itself, while genuinely issued by the Canadian government, was fraudulently obtained using false information and that he is not the person named therein." Reiss did not testify at trial. There was no evidence at trial to support the statement that the Canadian passport was fraudulently obtained using false information and that Reiss is not the person named therein. Even in this statement Reiss does not allege that his signature on the Canadian passport is a forgery nor that any qualified expert would testify as such. The Court agrees with the Magistrate Judge that there is no valid claim of ineffective assistance of counsel with respect to any failure to call a defense expert concerning the signature on the Canadian passport.

IT IS ORDERED overruling Reiss' objections to the Magistrate Judge's Report and Recommendation.

IT IS FURTHER ORDERED adopting the Magistrate Judge's Report and Recommendation as the Order of this Court.

IT IS FURTHER ORDERED that Reiss' Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 is denied.

IT IS FURTHER ORDERED denying a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal. The Court finds that Reiss has not made a substantial showing of the denial of a constitutional right.

DATED this 29th day of September, 2011.

_____
Susan R. Bolton
United States District Judge